UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL, LLC, | Case No. 2:16-cv-02347-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| KYUNG SHIN, et al., | (Docket No. 37) |
| Defendant(s). | |

On January 31, 2017, the Court denied Plaintiff's letter of request as not being accompanied by a motion supported by a memorandum of points and authorities. Docket No. 36. Plaintiff has now filed a motion supported by a memorandum of points and authorities. Docket No. 37. That memorandum contains one legal citation and one legal assertion, that the Court has the inherent power to issue a letter of request. Docket No. 37 at 2. That may well be true, but Plaintiff has failed to explain through legal authority that the Court should exercise that power in this case. Bare assertions of a right to relief are not sufficient. *See, e.g.*, *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).[1] Absent an application

---

[1] Case law is not lacking providing significant analysis of the applicable standards, requirements, and considerations for such a request. *See, e.g.*, *Viasat, Inc. v. Space Sys./Loral, Inc.*, 2013 WL 12061801, at *2-4 (S.D. Cal. Jan. 14, 2013) (addressing the basic standards for a letter of request, the requirement to ensure such a request complies with the discovery principles outlined in Rule 26, and a five-factor comity analysis).

meaningfully developing the applicable standards and meaningfully explaining how they are met in this case, the Court declines to issue the letter of request.

In addition, Plaintiff has filed its motion without giving notice to the would-be deponent. *See* Docket No. 37 at 2-3. Plaintiff has not explained that it is generally proper to seek a letter of request without notice. *Compare* Fed. R. Civ. P. 28(b)(2)(A) (requiring an application "and notice of it" prior to the issuance of a letter of request). Nor has Plaintiff made a meaningful showing that the law and facts of this particular case justify departing from the typical requirement of affording notice. *See Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, at *1-2 (D. Nev. July 29, 2015) (addressing disfavored nature of *ex parte* motions and the requirements for filing such a motion).[2]

The pending motion for letter of request is therefore **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: February 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] When the movant contends that providing notice would frustrate the movant's ability to obtain relief, such circumstances must be shown with particularized detail in a declaration. *See id.* at *1.