UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM Grand Hotel, LLC,<br><br>    Plaintiff<br><br>v.<br><br>Kyung Shin aka Kyung S. Shin, et al.,<br><br>    Defendants | 2:16-cv-02347-JAD-NJK<br><br>**Order Granting Unopposed<br>Motion to Dismiss Punitive Damages Claim<br>in First Amended Complaint**<br><br>[ECF No. 45] |

    MGM Grand Hotel, LLC brings this suit to recover its losses caused when defendant Kyung Shin used a fraudulently issued bank draft for gaming credit and other benefits. In its amended complaint against Shin and the issuing financial institutions Canadian Imperial Bank of Commerce and CIBC Securities, Inc. (collectively, "CIBC"), MGM prays for punitive damages against all defendants.[1] CIBC moves to dismiss this punitive damages "claim"[2] against it, arguing that the amended complaint lacks facts to support such an award.[3]

    MGM has not opposed the motion, and the deadline for response passed without any request for an extension.[4] Local Rule 7-2(d) states that the "failure of an opposing party to file points and authorities in response to" a motion to dismiss "constitutes a consent to the granting of the motion."[5] I invoke LR 7-2(d) and deem MGM's failure to oppose this motion to dismiss

---

[1] ECF No. 33.

[2] Punitive damages are a remedy, not an independent claim for relief, and MGM has not pled its request for punitive damages as an independent cause of action. *See* ECF No. 33. Accordingly, I treat this motion to dismiss the "claim" for punitive damages as a request to strike the unsupported prayer for punitive damages under FRCP 12(f).

[3] ECF No. 45.

[4] Any opposition was due by 2/19/17.

[5] Nev. L.R. 7-2(d).

as consent to granting the motion; accordingly,

IT IS HEREBY ORDERED that CIBC's Motion to Dismiss **[ECF No. 45] is GRANTED; MGM's prayer for punitive damages against CIBC and any allegations supporting that prayer are deemed stricken.**

DATED: February 22, 2017

_____
Jennifer A. Dorsey
United States District Judge

2