UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>KYUNG SHIN aka KYUNG S. SHIN; CANADIAN IMPERIAL BANK OF COMMERCE; CIBC SECURITIES INC.; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>      Defendants.<br><br>AND ALL RELATED CLAIMS. | Case No.: 2:16-cv-02347-JAD-NJK |

## LETTER OF REQUEST

The United States District Court for the District of Nevada, to the Appropriate Authority in Canada, GREETINGS.

**WHEREAS,** the above-captioned civil action is pending in the United States District Court for the District of Nevada, in which Plaintiff, MGM Grand Hotel, LLC (the "Plaintiff"), is represented by its counsel Craig S. Newman, Esq. and Anthony R. Ager, Esq. of Durham Jones & Pinegar, P.C., 10785 W. Twain Ave., Suite 200, Las Vegas, Nevada 89135; Defendant/Cross-claimant/Cross-Defendant, Kyung Shin aka Kyung S. Shin ("Mr. Shin"), is represented by his counsel Kirk T. Kennedy, Esq., 815 S. Casino Center Blvd., Las Vegas, Nevada 89101; Defendants/Cross-Defendants/Cross-Claimants/Third-Party Plaintiff, Canadian Imperial Bank of Commerce ("CIBC") and CIBC Securities, Inc. ("CIBC Securities"), are represented by their counsel James E. Whitmire, Esq. and Jason D. Smith, Esq. of Santoro Whitmire, 10100 W. Charleston Blvd., Suite 250, Las Vegas, Nevada 89135; and Third-Party Defendant, Michael Velasco ("Mr. Velasco"), has yet to make an appearance in this action.

**WHEREAS,** CIBC and CIBC Securities provide bank and investment services throughout Canada, including in the Province of Alberta.

WHEREAS, Plaintiff alleges against CIBC and CIBC Securities the following causes of action: Wrongful Dishonor of Bank under NRS § 104.3301 et seq.; Breach of Implied Covenant of Good Faith and Fair Dealing; Fraudulent Misrepresentation; and Negligent Misrepresentation. Amongst other things, Plaintiff alleges that:

(a) CIBC issued a bank draft (no. 267817005) with a face value of $2 million Canadian dollars (or $1,456,000.00 in US dollars) to Mr. Shin, in which Mr. Velasco participated in the creation of said bank draft and counter-signed the bank draft;

(b) On July 12, 2016, Mr. Shin presented and delivered to Plaintiff a copy of said bank draft (no. 267817005), together with a copy of the business card of Mr. Velasco, which set forth his title as assistant manager of the Calgary branch of CIBC Securities;

(c) On July 12, 2016, Rosy Quintero, a supervisor of corporate marker limit operations for Plaintiff, called Michael Velasco at the Calgary branch of CIBC Securities to verify the authenticity of said bank draft, and to confirm that there were no holds/stop payment on said bank draft. Ms. Quintero also independently verified that the phone number on Michael Velasco's business card was in fact an actual phone number of CIBC's branch in Calgary, Ontario, Canada;

(d) Michael Velasco told Rosy Quintero that said bank draft was authentic, and that there were no holds/stop payments on said bank draft. He also advised that he was one of the authorized signatories on such bank draft and that his signature appeared on such bank draft;

(e) Based upon Michael Velasco's verification of the authenticity of said bank draft, Mr. Shin was issued credit under three (3) credit instruments in the total amount of One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00);

(f) Mr. Shin also wrongfully received complimentaries to which he was not entitled;

(g) On or about July 14, 2016, Defendant Shin cashed out $520,500.00 in winnings from the wrongfully received gaming chips, and Plaintiff returned the bank draft to Shin and paid the credit instruments executed by Shin;

(h) On July 20, 2016, Mr. Shin again presented and delivered to Plaintiff a copy of said bank draft (no. 267817005), together with a copy of the business card of Mr. Velasco, which set forth his title as assistant manager at the Calgary branch of Defendant CIBC Securities;

(i) On July 20, 2016, Rosy Quintero again called Michael Velasco at the Calgary branch of CIBC Securities to verify the authenticity of said bank draft, and to confirm that there were no holds/stop payment on said bank draft. Ms. Quintero also independently verified that the phone number on Michael Velasco's business card was in fact an actual phone number of CIBC's branch in Calgary, Ontario, Canada;

(j) Michael Velasco again told Rosy Quintero that said bank draft was authentic, and that there were no holds/stop payments on said bank draft. He also advised that he was one of the authorized signatories on such bank draft and that his signature appeared on such bank draft;

(k) Based upon Michael Velasco's verification of the authenticity of said bank draft, on or about July 27, 2016 up through and including July 28, 2016, Mr. Shin was issued credit instruments totaling $1,456,000.00;

(l) Mr. Shin wrongfully received good and valuable consideration (e.g., gaming chips in the amount of $1,456,000.00) for the credit instruments to which Mr. Shin was not entitled;

(m) Mr. Shin also wrongfully received complimentaries to which he was not entitled;

(n) On the July 27-28, 2016 trip, Mr. Shin lost the entire $1,456,000.00;

3

(o) On July 28, 2016, CIBC issued a bank draft (no. 267818144) with a face value of $20 million Canadian dollars (or $15,186,028.85 in US dollars) to Mr. Shin, in which Mr. Velasco participated in the creation of said bank draft and counter-signed the bank draft;

(p) On July 28, 2016, Mr. Shin presented and delivered to Plaintiff a copy of said bank draft (no. 267818144), together with a copy of the business card of Mr. Velasco, which set forth his title as assistant manager of the Calgary branch of CIBC Securities;

(q) On July 28, 2016, Keonie Moore, credit clerk for Plaintiff, called Mr. Velasco to verify the authenticity of said bank draft, and to confirm that there were no holds/stop payment on said bank draft;

(r) Mr. Velasco told Keonie Moore that said bank draft was authentic, and that there were no holds/stop payments on said bank draft;

(s) On July 29, 2016, CIBC issued a bank draft (no. 267818086) with a face value of $4.1 million Canadian dollars to Mr. Shin, in which Mr. Velasco participated in the creation of said bank draft (no. 267818086) and counter-signed the bank draft;

(t) On July 29, 2016, Mr. Shin presented and delivered to Plaintiff a copy of said bank draft no. 267818086;

(u) On July 29, 2016, Angelique Taylor, a supervisor of corporate marker limit operations for Plaintiff, called Mr. Velasco to verify the authenticity of said bank draft, and to confirm that there were no holds/stop payment on said bank draft;

(v) Mr. Velasco told Ms. Taylor that said bank draft was authentic, and that there were no holds/stop payments on said bank draft;

(w) Thereafter, on July 29, 2016, Lynda Bilbao, executive director of VIP accounts for Plaintiff, called Maria Jao at the Calgary branch of CIBC Securities to again verify the authenticity of bank drafts nos. 267818144 and

4

267818086, and to confirm that there were no holds/stop payments on said bank drafts;

(x) Ms. Jao told Ms. Bilbao that Mr. Velasco was the assistant bank manager at the Calgary branch of CIBC Securities. She also told Ms. Bilbao that said bank drafts were not legitimate bank drafts; and

(y) On or about July 29, 2016, Plaintiff presented CIBC bank draft no. 267817005 through normal banking channels for payment, and on August 11, 2016 the bank draft was returned to Plaintiff dishonored and unpaid.

**WHEREAS**, upon information and belief, Mr. Velasco was, at all times relevant to this lawsuit, employed as assistant manager at the Calgary branch of CIBC Securities. However, Mr. Velasco is no longer employed by CIBC Securities or CIBC. Plaintiff alleges that Mr. Velasco has personal knowledge of the creation and issuance of the fraudulent CIBC bank draft issued to Mr. Shin, as well as Plaintiff's verifications of the CIBC bank draft. Plaintiff has produced, as a part of discovery in this case, the dishonored CIBC bank draft (no. 267817005) bearing Mr. Velasco's counter-signature and documentation showing that, prior to Plaintiff's acceptance/depositing of said bank draft, Mr. Velasco verified with Plaintiff that said CIBC bank draft was authentic and had no holds/stop payment.

**WHEREAS**, it appears to this Court that justice cannot be completely done between the parties to this action without the testimony within your jurisdiction of the following individual:

**Michael Velasco**

**WHEREAS**, Rule 28(b) of the Federal Rules of Civil Procedure governing procedures in civil actions in Federal Courts of the United States provides that depositions upon oral examination may be taken in a foreign country pursuant to a letter of request before a person duly authorized to administer oaths.

**AND WHEREAS**, this Court is willing to provide similar assistance to the appropriate judicial authorities of Canada upon request.

**NOW THEREFORE**, we hereby appoint the Court of Queen's Bench in the Province of Alberta, or any similarly situated court in Canada, and hereby authorize it to cause **Michael Velasco** to come before it and in response to oral questions posed by counsel herein to testify orally under oath (or solemn affirmation) as a witness in the above-entitled civil action pending in this Court; and to cause **Michael Velasco** to come before it and produce and identify the documents described herein and to transcribe or have transcribed verbatim the testimony so obtained and to mark books, papers or other articles as are produced or identified as Plaintiff's exhibits or as Defendants' exhibits in the manner indicating during the proceedings; and to close up the deposition under his hand and to return it to the Clerk of this Court in the manner hereinafter set forth in order that such testimony and exhibits be used at the trial of this action before this honorable Court.

**FURTHER**, we respectfully request that you command the attendance and testimony of **Michael Velasco** and the production by him of the documents described herein, at the date, time and place designated by you (or at such other date as the person designated by you and the attorneys for the parties to this action may agree), and that you enforce such command in like manner as an Order made by you in a case pending before you; provided, however, that Plaintiff provides funds to you or to any person designated by you in accordance with the law of Canada to be paid to witnesses on account of travel and inconveniences entailed by the person to be examined by compliance with any Order issued by you pursuant to this request.

The following documents are to be produced by **Michael Velasco** to the extent such documents are in the possession, custody or control of said individual, pursuant to this Request:

    (a)    Any and all e-mails, text messages and other communications by and between Kyung Shin and Michael Velasco;

    (b)    Any and all e-mails, text messages and other communications, related to Kyung Shin, by and between Michael Velasco and any employee/representative/officer/attorney of CIBC or CIBC Securities;

    (c)    Any and all documentation and communications related to any CIBC bank draft issued to Kyung Shin (as signed by Michael Velasco), including but not limited to the CIBC bank draft nos. 267817005, 267818144 and 267818086;

    (d)    Any and all documentation and communication related to Michael Velasco's employment at CIBC Securities or CIBC and subsequent termination of employment; and

    (e)    Any and all documentation related to any criminal proceedings initiated against Michael Velasco.

The time period for production of the requested documents is hereby January 1, 2012 through and including the PRESENT (which shall be considered the date the deposition of Michael Velasco occurs).

It is requested that the deposition upon oral examination requested hereby be taken in the manner provided by Rule 30 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit 1,** by the counsel of record for Plaintiff herein, Craig S. Newman, Esq./Anthony R. Ager, Esq. of Durham Jones & Pinegar, P.C., 10785 W. Twain Ave., Suite 200, Las Vegas, Nevada 89135.

When this Request is executed in accordance with the directions given herein, the Request and the transcripts of the depositions and any exhibits are to be enclosed in an envelope bearing the name of this action and the name of the person deposed, and mailed with all convenient speed to the Clerk of the Honorable Nancy J. Koppe, United States Magistrate Judge, Lloyd D. George U.S. Courthouse, 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101.

WITNESS, the Honorable Nancy J. Koppe, United States Magistrate Judge, this 8th day of March, 2017.

BY THE COURT

_____
Nancy J. Koppe,
United States Magistrate Judge

# EXHIBIT 1

# Rule 30. Depositions by Oral Examination

(a) WHEN A DEPOSITION MAY BE TAKEN.

(1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison.

(b) NOTICE OF THE DEPOSITION; OTHER FORMAL REQUIREMENTS.

(1) *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

(2) *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

(3) *Method of Recording.*

(A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

(B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

(4) *By Remote Means.* The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

(5) *Officer's Duties.*

(A) *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

(i) the officer's name and business address;

(ii) the date, time, and place of the deposition;

(iii) the deponent's name;

(iv) the officer's administration of the oath or affirmation to the deponent; and

(v) the identity of all persons present.

(B) *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)–(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

(C) *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

(c) EXAMINATION AND CROSS-EXAMINATION; RECORD OF THE EXAMINATION; OBJECTIONS; WRITTEN QUESTIONS.

(1) *Examination and Cross-Examination.* The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

(2) *Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

(3) *Participating Through Written Questions.* Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim.

(d) DURATION; SANCTION; MOTION TO TERMINATE OR LIMIT.

(1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(2) *Sanction.* The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

(3) *Motion to Terminate or Limit.*

(A) *Grounds.* At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(B) *Order.* The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

(C) *Award of Expenses.* Rule 37(a)(5) applies to the award of expenses.

(e) REVIEW BY THE WITNESS; CHANGES.

(1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

(f) CERTIFICATION AND DELIVERY; EXHIBITS; COPIES OF THE TRANSCRIPT OR RECORDING; FILING.

(1) *Certification and Delivery.* The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

(2) *Documents and Tangible Things.*

(A) *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

(i) offer copies to be marked, attached to the deposition, and then used as originals—after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

(ii) give all parties a fair opportunity to inspect and copy the originals after they are marked—in which event the originals may be used as if attached to the deposition.

(B) *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

(3) *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

(4) *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(g) FAILURE TO ATTEND A DEPOSITION OR SERVE A SUBPOENA; EXPENSES. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.