JAMES E. WHITMIRE, ESQ.
Nevada State Bar No. 6533
jwhitmire@santoronevada.com
JASON D. SMITH, ESQ.
Nevada State Bar No. 9691
jsmith@santoronevada.com
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone:   702-948-8771
Facsimile:    702-948-8773

*Attorneys for Canadian Imperial Bank of Commerce
and CIBC Securities, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KYUNG SHIN aka KYUNG S. SHIN; CANADIAN IMPERIAL BANK OF COMMERCE; CIBC SECURITIES INC.; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-2347-JAD-(NJK)<br><br>[PROPOSED] ORDER GRANTING CANADIAN IMPERIAL BANK OF COMMERCE AND CIBC SECURITIES, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>ECF No. 63 |
| KYUNG SHIN,<br><br>Cross-Claimant<br><br>vs.<br><br>CANADIAN IMPERIAL BANK OF COMMERCE; CIBC SECURITIES INC.<br><br>Cross-Defendants. | |

| | |
|---|---|
| 1 | CANADIAN IMPERIAL BANK OF COMMERCE; CIBC SECURITIES INC., |
| 2 | |
| 3 | Cross-Claimants |
| 4 | vs. |
| 5 | KYUNG SHIN. |
| 6 | Cross-Defendant. |

Canadian Imperial Bank of Commerce and CIBC Securities Inc.'s (collectively, "CIBC" or "Defendants") Motion for Determination of Good Faith Settlement has been submitted to the Court. Having reviewed the briefing concerning this matter and [having heard the oral arguments of counsel] and good cause appearing,

IT IS HEREBY ORDERED that Defendants Canadian Imperial Bank of Commerce and CIBC Securities Inc.'s Motion for Determination of Good Faith Settlement is Granted. The Court finds the settlement to be made in good faith and in satisfaction of the factors set forth in *In Re: MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913 (D. Nev. 1983):

1. The amount paid (which the Court has reviewed in-camera) in settlement of all claims asserted by MGM Grand is a bona fide material amount of the total amount claimed by Plaintiff. This is a case where CIBC has denied all allegations of wrongdoing.

2. There is only one plaintiff in this case, and the entire amount is being paid to Plaintiff.

3. Insurance policy limits are not a relevant factor in this case as no insurance is implicated.

4. The financial condition of the settling defendants is not a material factor in this particular case.

- 2 -

5. The Court finds no evidence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants. Here, the negotiations were arms-length. MGM Grand's counsel, Craig S. Newman zealously advocated on its behalf. The settlement amount was significant. Nothing appears to have been done to injure the interests of a non-settling defendant. Rather, it appears that CIBC was attempting to protect themselves.

6. The Court otherwise finds that the settlement is fair.

IT IS FURTHER ORDERED that the released parties under the settlement be afforded the protection of Nevada Revised Statute 17.245, including but not limited to, dismissal of any claims against the CIBC Defendants for equitable indemnity and contribution in this matter (whether denominated as such or not (e.g. "de facto" contribution claims)). *Otak Nevada, LLC v. Eighth Jud. Dist. Ct.*, 312 P.3d 491 (Nev. 2013).

~~IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 54(b), this Order be deemed a final judgment as to the released defendants/CIBC Defendants, as the Court determines that there is no just reason for delay and hereby expressly directs the entry of this final judgment as to any claims asserted against Canadian Imperial Bank of Commerce and CIBC Securities, Inc. in this matter, whether by MGM Grand or Shin.~~

CIBC's claims against Shin shall proceed to the extent consistent with NRS Chapter 17.

IT IS SO ORDERED.
DATED: 6/19/17

_____
UNITED STATES ~~MAGISTRATE~~ DISTRICT JUDGE

- 3 -